```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
WILLIAM HASPER,

                    Plaintiff,

        -against-                        MEMORANDUM & ORDER
                                         11-CV-3227 (JS)(ETB)
THE COUNTY OF SUFFOLK, RICHARD
DORMER, ROGER SHANNON, ROBERT MOORE
and THADDEUS NIEVES,

                    Defendants.
------------------------------------X
APPEARANCES
For Plaintiff:          Rick Ostrove, Esq.
                        Matthew Brian Weinick, Esq.
                        Leeds Morelli & Brown
                        One Old Country Road, Suite 347
                        Carle Place, NY 11514

For Defendants:         Jennifer K. McNamara, Esq.
                        Suffolk County Attorney's Office
                        H. Lee Dennison Building, 5th Floor
                        100 Veterans Memorial Highway
                        P.O. Box 6100
                        Hauppauge, NY 11788-4311
```

SEYBERT District Judge:

Plaintiff William Hasper ("Plaintiff") sued Suffolk County (the "County") and four County employees--Richard Dormer, Roger Shannon, Robert Moore, and Thaddeus Nieves (the "Individual Defendants" and, with the County, "Defendants")--in a case arising out of Hasper's employment with the Suffolk County Police Department (the "SCPD"). Pending before the Court is Defendants' motion to dismiss Plaintiff's Amended Complaint.

(Docket Entry 13.)   For the following reasons, the motion is GRANTED IN PART AND DENIED IN PART.

<u>BACKGROUND</u>

The following discussion is drawn from the allegations in Plaintiff's Amended Complaint.   The allegations are assumed to be true for the purpose of this motion.

Plaintiff is an SCPD lieutenant, and the Individual Defendants are high-ranking police officials.   (Am. Compl. ¶¶ 6-11).   A brief discussion of Plaintiff's career is useful to put this case into context.   Plaintiff began working for the SCPD in 1993.   He was promoted to sergeant in 2000 and to lieutenant in 2005.   He was later designated as the commanding officer of the SCPD's court liaison bureau in Central Islip, New York.   This post afforded Plaintiff various benefits, including opportunities for overtime, steady daytime work, a take-home unmarked vehicle, and a clothing allowance.   Over the years, Plaintiff has received several commendations in recognition of his work for the SCPD.   (<u>Id.</u> ¶¶ 12-14, 16-19.)

In addition to his police work, Plaintiff was involved in Suffolk County politics.   In 2003 and 2004, Plaintiff volunteered as a driver for Steve Levy's Suffolk County Executive campaign.   Plaintiff's volunteer work was unrelated to his official duties as a police officer and occurred during Plaintiff's off-duty hours.   (<u>Id.</u> ¶ 15.)

In 2007, Plaintiff complained to SCPD Inspector Aristedes Mojica about a police officer under Plaintiff's command. According to Plaintiff, the officer, Laurie Salerno, had made several inappropriate comments. The allegedly offending remarks are recounted in Plaintiff's Amended Complaint: "pretty soon [Lt. Kim McGreevey will] be blowin' her new boss"; "Captain John Blosser, now there's a man that couldn't lay there and enjoy a good blow job"; references to several male police officers as "Club Viagra"; a statement that a particular officer has "hairy gray balls"; and criticism of Plaintiff's selection of an officer to work in his command on the basis that "the girls need some fucking eye candy." (Id. ¶ 21.) Plaintiff's personnel complaint received no immediate response, and Mojica and Defendant Moore eventually told Plaintiff that Salerno would not be disciplined. (Id. ¶¶ 20-22.)

Plaintiff alleges that, in the years that followed, he was the victim of multiple instances of discrimination, harassment, and retaliation. In April 2008, Salerno filed a discrimination and sexual harassment complaint against Plaintiff. Plaintiff submitted a written response to the accusations that named certain high-ranking officials. An SCPD Deputy Inspector threatened Plaintiff and demanded that he remove the officials' names from his response, but Plaintiff

refused.  He was cleared of the sexual harassment charges in September 2008.  (Id. ¶¶ 23-28.)

In December 2009, a former SCPD clerk named Elizabeth Cosgrove filed a discrimination and sexual harassment complaint against Plaintiff.  Soon thereafter, in February 2010, Defendant Dormer ordered the SCPD Internal Affairs Bureau ("IAB") to conduct surveillance on Plaintiff.  The IAB claimed to have trailed Plaintiff to various illegal massage parlors, but Plaintiff was actually visiting legal massage parlors to receive treatment for a line-of-duty injury.  The SCPD cleared Plaintiff of Cosgrove's allegations in August 2010.  (Id. ¶¶ 29-32, 39.)

In June 2010, Plaintiff provided information to the Suffolk County District Attorney's (the "Suffolk DA") office concerning the Suffolk DA's investigation of County Executive Levy.  Plaintiff truthfully answered an assistant district attorney's questions about Plaintiff's experience as Levy's campaign driver.  The next day, Defendant Dormer ordered Plaintiff to report for a psychological evaluation, a highly unusual step.  With help from his union, Plaintiff fought the order, and it was eventually rescinded.  (Id. ¶¶ 37-38.)

In September 2010, Plaintiff was served with seven departmental misconduct charges.  Plaintiff does not specify what types of misconduct these charges allege, but he notes that

4

the charges were still pending on the date of his Amended Complaint. (Id. ¶¶ 40-42).

Beginning in March 2011, Plaintiff was reassigned several times and subjected to other employment actions that he claims are inconsistent with the SCPD's treatment of officers who "had not complained of discrimination and/or participated in discrimination allegations." (Id. ¶ 33). Plaintiff was first reassigned to the Office of the Chief Department. He was later reassigned to the 4th Precinct and then, a day later, to the 3rd Precinct as an Administrative Officer. Plaintiff's new positions lacked the opportunity for overtime that he enjoyed in the court liaison bureau. (Id. ¶¶ 32-35.)

On June 29, 2011, Salerno and Cosgrove filed a federal lawsuit in the Eastern District of New York (the "Cosgrove Action")[1] that accused Plaintiff and the County of sexual harassment. Inasmuch as the allegations related to his employment, Plaintiff contacted the SCPD's legal bureau for representation, in accordance with SCPD policy. The County answered the Cosgrove Action in September 2011, but it neither answered on Plaintiff's behalf nor advised Plaintiff how to defend the lawsuit. The County allowed Plaintiff's time to respond to lapse, and it informed Plaintiff that its lawyers

---

[1] The case is Cosgrove v. County of Suffolk, No. 11-CV-4112 (JFB) (filed June 29, 2011).

will not represent him in the case and that it will not pay for Plaintiff's attorneys of choice.  (Id. ¶¶ 42A-42G.)

DISCUSSION

Plaintiff's Amended Complaint asserts the following claims: (1) a First Amendment retaliation claim against the Individual Defendants and a related Monell claim against the County; (2) an Equal Protection claim against the Individual Defendants and a related Monell claim against the County; and (3) employment discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20003, et seq. ("Title VII") and the New York State Human Rights Law, N.Y. Exec. L. § 296 ("NYSHRL").

## I. Legal Standard on a Motion to Dismiss

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6).  To survive a Rule 12(b)(6) motion, a plaintiff must plead sufficient factual allegations in the complaint to "state a claim [for] relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007).  The complaint does not need "detailed factual allegations," but it demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.  In addition, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative

6

level." Id. Determining whether a plaintiff has met his burden

is "a context-specific task that requires the reviewing court to

draw on its judicial experience and common sense." Harris v.

Mills, 572 F.3d 66, 72 (2d Cir. 2009). However, "[t]hreadbare

recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556

U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Under Rule 12(b)(1), dismissal is appropriate if, taking

Plaintiff's factual allegations as true, the Court lacks

statutory or constitutional authority to hear the case. Ford v.

D.C. 37 Union Local 1549, 579 F.3d 187, 188 (2d Cir. 2009).

## II. Defendants' Motion to Dismiss is Granted In Part

The Court will address Plaintiff's First Amendment,

Equal Protection, and employment discrimination claims in that

order.

### A. First Amendment Retaliation

A public employee asserting a First Amendment

retaliation claim must show that "(1) his speech addressed a

matter of public concern, (2) he suffered an adverse employment

decision, and (3) a causal connection exists between his speech

and that adverse employment decision, so that it can be said

that the plaintiff's speech was a motivating factor in the

adverse employment action." Cioffi v. Averill Park Cent. Sch.

Dist. Bd. of Ed., 444 F.3d 158, 162 (2d Cir. 2006) (citation

omitted). Although Defendants purport to seek dismissal of Plaintiff's Amended Complaint in its entirety (see Def. Br. 1), they do not challenge his First Amendment retaliation allegations except to argue that Plaintiff's Section 1983 claims are time-barred (id. 5) and that the County's failure to defend Plaintiff in the Cosgrove Action does not constitute an adverse employment action (id. 6).

Defendants' first argument merits little discussion. Among other things, Plaintiff alleges that he volunteered for County Executive Levy's campaign in 2003 and 2004. (Am. Compl. ¶ 15.) Plaintiff's campaign work was performed in his personal capacity and while he was off-duty. (Id.) On June 9, 2010, Plaintiff provided information to the Suffolk County DA's office in connection with that office's investigation of Levy. (Id. ¶¶ 36-37.) The very next day, Plaintiff was ordered to undergo a psychological evaluation (id. ¶ 38) and, three months later, Plaintiff was served with seven misconduct charges (id. ¶ 40). Plaintiffs' speaking with the District Attorney's office and the psychological evaluation order fell well within the three-year limitations period. See Shomo v. City of N.Y., 579 F.3d 176, 181 (2d Cir. 2009).

Defendants' second argument--that the County's failure to defend Plaintiff in the Cosgrove Action was not an adverse employment action--is well-taken but only succeeds in dismissing

8

Plaintiff's First Amendment claim in part. Plaintiff alleges that the County did not appear on Plaintiff's behalf in that lawsuit and refused to pay for Plaintiff's attorney of choice. (Am. Compl. ¶¶ 42D, 42F, 42G.) It is not clear from Plaintiff's allegations, however, whether the County had a duty to defend Plaintiff or pay for counsel of Plaintiff's choosing. Absent these or similar allegations, Plaintiff has not stated a claim that Defendants retaliated against Plaintiff by their response to the Cosgrove Action. Plaintiff will be given a final opportunity to amend his Complaint to address this shortcoming.

The remainder of Plaintiff's First Amendment claim survives. Plaintiff argues that he suffered additional adverse employment actions after he spoke with the District Attorney's office: he was ordered to report for a psychological evaluation (the order was later rescinded) and he was charged with seven counts of misconduct. Defendants do not address these allegations at all, and the Court cannot conclude as a matter of law that they are insufficiently "adverse" to state a claim under this Circuit's broad and context-specific understanding of what constitutes an adverse employment action in First Amendment retaliation cases. See Zelnik v. Fashion Inst. of Tech., 464 F.3d 217, 225-26 (2d Cir. 2006); see also Rolon v. Ward, 345 F. App'x 608, 610 (2d Cir. 2009) (summary order) ("Being forced to defend against disciplinary charges may constitute an adverse

employment action."); <u>Gusler v. City of Long Beach</u>, 823 F. Supp. 2d 98, 130 (E.D.N.Y. 2011) (adopting report & recommendation) (employee who faced three sets of disciplinary charges, among other things, stated a First Amendment retaliation claim); <u>cf.</u> <u>Everitt v. DeMarco</u>, 704 F. Supp. 2d 122, 134 (D. Conn. 2010) (refusing to find that an alleged retaliatory investigation of a public employee was as a matter of law not an adverse employment action and distinguishing pre-<u>Zelnik</u> cases that concluded otherwise).

B. <u>Equal Protection</u>

Defendants argue that Plaintiff's Equal Protection claims fail because (a) public employees cannot assert "class of one" Equal Protection claims and (b) to the extent this claim is grounded in the First Amendment, it is duplicative of Plaintiff's earlier First Amendment retaliation claim. (Def. Br. 2-3.) In his opposition, however, Plaintiff clarifies that his Equal Protection claim is a gender-based discrimination claim. (Pl. Opp. 6.) "[S]ex-based discrimination may be actionable under § 1983 as a violation of equal protection." <u>Demoret v. Zegarelli</u>, 451 F.3d 140, 149 (2d Cir. 2006) (<u>citing</u> <u>Kern v. City of Rochester</u>, 93 F.3d 38, 43 (2d Cir. 1996)); <u>see</u> <u>also</u> <u>United States v. City of N.Y.</u>, 683 F. Supp. 2d 225, 257 (E.D.N.Y. 2010). Plaintiff's Equal Protection claim is subject to the same analysis as his Title VII claims, <u>City of</u>

<u>N.Y.</u>, 683 F. Supp. 2d at 257; this analysis is briefly addressed below. Defendants' motion to dismiss the Equal Protection claims is denied.

C. <u>Employment Discrimination</u>

Defendants only challenge Plaintiff's Title VII and NYSHRL claims on the grounds that (a) the claims are time-barred to the extent that they are premised on acts that occurred prior to February 10, 2010. (Def. Br. 4.) They also assert that Plaintiff may not recover punitive or compensatory damages under Title VII. (Def. Br. 6.) Both arguments are unavailing.

As to the timeliness issue, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on December 7, 2010 (Def. Br. 5), and thus Plaintiff may base a Title VII claim on acts that occurred on or after February 10, 2010 (300 days before the EEOC charge was filed). <u>See</u> <u>Harris v. City of N.Y.</u>, 186 F.3d 243, 247 n.2 (2d Cir. 1999). Plaintiff cites a number of post-February 10 personnel decisions that were directed at him, including several transfer orders, the order that he report for a psychological evaluation, and the misconduct charges. (Pl. Opp. 9.) To the extent that any of these actions constituted adverse employment actions that occurred under circumstances giving rise to an inference of

11

discrimination,[2] they may be the bases for timely Title VII claims.

As to the damages issue, victims of intentional employment discrimination may be awarded compensatory and punitive damages. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 72, 126 S. Ct. 2405, 2417, 165 L. Ed. 2d 345 (2006); Nestor v. Pratt & Whitney, 466 F.3d 65, 67 n.1 (2d Cir. 2006).

---

[2] Defendants do not argue otherwise, and the Court thus does not address these issues. See Callon Petroleum Co. v. Nat'l Indem. Co., No. 11-CV-0241, 2012 WL 2549500, at *1 (2d Cir. July 3, 2012) (summary order) ("If an argument is not made, we need not guess as to what that argument might have been.").

## CONCLUSION

Defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART. Within twenty-one (21) days, Plaintiff may file a Second Amended Complaint clarifying whether the County had a duty to pay--or practice of paying--for its employees' representation in cases arising out of acts taken in the course of the employees' employment.

In addition to docketing this Order as the disposition of Docket Entry 13, the Clerk of the Court is respectfully directed to terminate Docket Entry 7 as moot.

SO ORDERED.

/S/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:      July 12, 2012
            Central Islip, New York